**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4568**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

BILAL MOHAMMAD SIDDIQUI,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:19-cr-00322-CCB-1)

Submitted: June 24, 2021                      Decided: June 28, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Jeffrey J. Izant, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bilal Mohammad Siddiqui pleaded guilty, pursuant to a written plea agreement, to two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e), and one count of cyberstalking, in violation of 18 U.S.C. § 2261(A)(2)(b), (b)(5). The district court imposed a 288-month sentence and Siddiqui appealed. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning the scope of Siddiqui's waiver of appellate rights and whether his sentence is procedurally reasonable. Although advised of his right to file a pro se brief, Siddiqui has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Siddiqui's plea agreement. We affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Siddiqui has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Siddiqui does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Although counsel questions the scope of Siddiqui's waiver of appellate rights, counsel concedes that a factual basis supported his plea and there is no reason to believe that the statutes to which Siddiqui pled guilty were unconstitutional. Moreover, Siddiqui's challenge to the procedural reasonableness of his sentence falls within the scope of the waiver.

In accordance with *Anders*, we have thoroughly reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Siddiqui's appeal of his sentence and affirm the remainder of the district court's judgment. This court requires that counsel inform Siddiqui, in writing, of the right to petition the Supreme Court of the United States for further review. If Siddiqui requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Siddiqui.

We dispense with oral argument because that facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3